## W. E. BUCHANAN v. W. M. RITTER LUMBER COMPANY.

(Filed 6 May, 1914.)

**Master and Servant—Disobedience of Orders—Negligence—Trials—Instructions.**

An employee who acts in disobedience of the known rules and positive and direct instructions of his employer and leaves his place of duty and places himself in a dangerous position on his employer's premises, with which he was familiar, and consequently receives the injury, the subject of his alleged cause of action for damages, is knowingly and without excuse at a place he has no right to be, and an instruction upon the issue of contributory negligence is held for reversible error which is made to depend upon the findings of the jury upon the question of whether he exercised ordinary prudence and could have gotten to a place of safety after becoming aware of his danger.

APPEAL by defendant from *Webb, J.,* at August Term, 1913, of CALDWELL.

*Council & Yount and Lawrence Wakefield for plaintiff.*
*Edmund Jones for defendant.*

CLARK, C. J. This is an action for personal injuries. The plaintiff was engineer of the defendant's yard locomotive, his duty consisting in operating the engine and in shifting empty and loaded cars on the tracks and switches in said yard. He had been so employed for three years at the time of the injury complained of. At the time of the injury he was not on his engine, but was some distance away, sitting under a "loading dock." A fellow-servant named Cobb was rolling and pushing a heavy piece of timber for the purpose of shoving it over the dock, just above the plaintiff's head. He testifies that he looked over the dock, and, not seeing any one, he slided the piece of timber over, and just then he saw a foot sticking out from below, but it was too late to stop the timber. It was a piece 4 by 10 inches and 14 feet long, of green oak. He testifies that the plaintiff told him that afternoon that he didn't blame him; that if he (plaintiff) had attended to his work and let liquor alone

he would not have gotten hurt; that he went up there to take a drink of liquor with another man, but seeing the superintendent coming along, he went up through the mill under the loading dock and sat down until the superintendent passed. The superintendent testifies that he saw the plaintiff there just before he was hurt, and asked him what he was under the dock for, and told plaintiff to go immediately and get a certain car with his engine; that the plaintiff at that time was 125 feet from where his engine was, but he did not pay any attention to the order. The plaintiff told him after the injury that he had gone under there to get a drink of whiskey, and that the "whiskey was to blame for the accident." It was against the rules of the company for any employees to drink on the premises during work hours. Witness had never seen Buchanan, or any one else before, resting under that dock.

The court charged on the second issue as to contributory negligence that "The plaintiff had a right to get off his engine and a right to sit down under the dock, and if the jury should find, while sitting there, he did not hear the man above him handling the lumber, or could not have heard him by the exercise of ordinary care and prudence, and should find that he sat under there and did not know this lumber was going to come on him, and did not see it in time to get out of the way, and did not know that the fellow-servant was going to throw this lumber over the dock, and could not have known it by the exercise of ordinary care and prudence, and could not have gotten out of the way after he saw it before it fell on him and injured him, then the plaintiff was not guilty of contributory negligence." We think this instruction was erroneous. The evidence of the plaintiff himself is that he was 125 feet from his engine; that he knew the purpose of the loading dock, and that timber was shoved over it when in use; that he went under there to take a drink, which was contrary to the orders of the company, and to hide from the superintendent, who was coming up; that the superintendent told him to move his engine and take up the car, and he again disobeyed orders by remaining under the dock a while longer, until he was hurt. He was where he had no busi-

ness to be; he was away from his work and doing a prohibited act and hiding from the superintendent; when found, he did not obey orders by going back to his work, but remained in the place of danger. Upon these circumstances the court erred in telling the jury that he had a right to go there and a right to leave his engine and was not guilty of contributory negligence unless he saw or should have seen the falling timber in time to have avoided its falling upon him. For this reason there must be a

New trial.